IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| NIXON PLAISIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 310-031 |
| | ) | |
| FNU GUNN, Assistant Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed.[1] Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief can be granted.

SO ORDERED this 23rd day of November, 2010, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's objection is limited to the section of the Magistrate Judge's Report and Recommendation addressing Plaintiff's claim that he was improperly placed in segregation for four months. (See doc. no. 11, pp. 7-9.) The Report and Recommendation stated that segregation in and of itself does not constitute cruel and unusual punishment, and that Plaintiff's failure to make any additional claims beyond the fact of his confinement failed to state an Eighth Amendment claim. (Id. at 9.) In his objection, Plaintiff states that inmates in special housing units are subject to "harsh punishment." (Doc. no. 13, p. 1.) Plaintiff does not explain what "harsh punishment" means, and thus has failed to state a claim under the Eighth Amendment based on his time in segregation. See Sheley v. Dugger, 833 F.2d 1420, 1428-29 (11th Cir. 1987) (*per curiam*).